No. ——

First Circuit Appeal

WARREN PIERCE v. DR. J. E. PIERCE

(June 12, 1925, Opinion and Decree)

*(Syllabus by the Editor.)*

1. Louisiana Digest—Suretyship—Par. 16. Where one endorses a note with or without the order or knowledge of the maker, he becomes a surety thereon, under Civil Code, Article 3038.
2. Louisiana Digest—Suretyship—Par. 67. Where the plaintiff, who endorsed as surety a note for $1000 on which a credit of $100 was allowed, had received three notes for $300 each, after he paid the bank the $900, his suit should be based on the balance due on the original note and not on the three notes subsequently given.

Appeal from the Twenty-sixth Judicial District, Parish of Washington. Hon. Prentiss B. Carter, Judge.

This is a suit for the collection of $900 which represents the balance due on a note for $1000 which the plaintiff paid the bank for the defendant. Plaintiff sued on three notes for $300 each which were given to him in payment for the balance of $900 which he paid the bank.

There was judgment for plaintiff and defendant appealed.

Judgment reversed and plaintiff's suit dismissed as of non-suit with reservations for him to sue on the original note of $1000 less the credit of $100.

Ellis & Cappel, of Covington, attorneys for plaintiff, appellee.

B. D. Talley, of Bogalusa, attorney for defendant, appellant.

MOUTON, J. The Birmingham Graphite Company was organized in the parish of St. Tammany. The defendant gave the company his individual note for $1000 for his stock subscription therein. The Commercial Bank and Trust Company of Covington agreed to discount the note on condition that it be endorsed by plaintiff who desired to assist the company in its operations. Plaintiff endorsed the note and the bank paid the money. The endorsement having been made to procure credit for defendant, plaintiff was an accommodation endorser. Randolph on Commercial Paper, Vol. I, 2nd Ed., Sec. 15. Not being a party to the note, by his endorsement, plaintiff became bound as surety. 1st a, p. 274.

Although plaintiff endorsed the note without the consent of defendant, he nevertheless became a surety thereon, as a party may be surety without the order or even the knowledge of the person for whom he becomes surety. C. C. 3038.

When this thousand-dollar note became due defendant, Dr. Pierce, was unable to pay. With the consent of the president of the company he was permitted to pay $100 thereon, with interest, and to give his three notes amounting to $900 for the balance. The bank refused to accept these notes in lieu of the original note, as it was not willing to release plaintiff of his obligation as an endorser thereon. The three notes aggregating the sum of $900 were also executed in favor of the Birmingham Graphite Company, which were endorsed by the receiver of said company under an order of court, and obviously not by the bank, which had declined to accept them as a substitute for the reason stated. Plaintiff paid the original note.

This suit is brought by plaintiff on these three notes. It should have been brought on the original note, less the reduction which was effected by the payment of $100 with interest as appears by the amount recognized on the three notes. The proof shows that the original note was either lost or destroyed.

Its contents and endorsement may, however, be established by testimony upon proof, as by the law required. Plaintiff will be non-suited. The judgment appealed from is therefore avoided and reversed; plaintiff's demand is hrereby dismissed as in case of non-suit, with full reservation to him to institute his demand on the original note of $1000, and it is ordered that plaintiff pay all cost of suit.